UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                          Chapter 7

      150 Fulton Property, Inc.                      Case No.  15-72755

                       Debtor.
----------------------------------------------------------x

## MOTION TO TRANSFER DEED

Richard L. Stern ("Trustee") trustee of the estate of 150 Fulton Property, Inc. ("Debtor"), as and for his motion ("Motion") to transfer the Debtor's rights to the property at 150 and 166 Fulton Street, Farmingdale, New York ("Property") to New Bank, respectfully represents:

## BACKGROUND

1. On June 29, 2015 ("Filing Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and thereafter Richard L. Stern was appointed Trustee of the estate.

2. The Debtor had previously filed a chapter 11 proceeding which was dismissed on May 22, 2015.

3. In June 2008, New Bank, a chartered New York commercial bank loaned the Debtor $2,000,000 secured by first and second mortgages on the Property.

4. The Debtor failed to pay real estate taxes and in 2012 and 2013 Nassau County sold its tax liens to Frontseat LLC, and in May 2014 the Nassau County Treasurer issued a tax deed to Frontseat for the Property.

5. Following his appointment, the Trustee determined that causes of action existed to recover the Property based on (a) Frontseat's failure to comply with applicable law in obtaining its tax deed and (b) avoidance of the transfer of the Property as a fraudulent conveyance argument under section 548 of the Bankruptcy Code.

6. New Bank supported the Trustee's prosecution of such causes of action. The Trustee, however, was concerned that if he recovered the Property in litigation, he may be liable for, among other things, unknown claims arising from environmental contamination. Accordingly, the Trustee and New Bank entered into a stipulation ("Stipulation") approved by the Court on December 29, 2015, a copy of which is annexed hereto as Exhibit A.

7. Under paragraph 6 of the Stipulation, upon recovering the Property in the litigation against Frontseat, the Trustee has the option, subject to Bankruptcy Court approval, to take possession of the Property, abandon the Property, or convey the Property to New Bank. If the Trustee elects to transfer title to New Bank, under paragraph 8, New Bank must pay (a) the Trustee's legal fees and disbursements when approved by the Court, (b) statutory commissions, (c) accounting fees and disbursements, and (d) allowed claims filed against the Debtor's estate.

8. The Trustee thereafter litigated the estate's claims to the Property, and on February 14, 2018, this Court ruled that the tax deed to Frontseat was void.

9. Judgment was entered on March 30, 2018.

**RELIEF REQUESTED HEREIN**

10. By this application, the Trustee seeks to exercise his rights under paragraph 6 of the Stipulation, to convey the Property to New Bank when the Judgment is final.

11. By conveying the Property to New Bank, the Trustee will avoid the estate's exposure to environmental contamination claims, and the burden of operating and maintaining the Property, but still be able to pay all allowed claims in full in cash with funds provided by New Bank.

12. The only party potentially prejudiced by a Property transfer to New Bank is the Debtor's equity holder because he would be entitled to any surplus were the Trustee to sell the Property for an amount greater that claims against the estate. The Trustee has been informed that the equity holder consents to the relief sought herein.

13. The Trustee is moving by order to show cause because the stay of the judgment will expire on April 13, 2018, and the Trustee seeks to transfer ownership at such time to avoid exposure to the estate.

## CONCLUSION

WHEREFORE, that Trustee respectfully requests that the Court enter an order substantially in the form annexed hereto, scheduling a hearing on expedited basis before the Judgement is final, and at the hearing, that the Court authorize the Trustee to transfer title to the

Property to New Bank once the Judgment is Final, and that the Court grant such other relief the Court may deem just and fair.

Dated: New York, New York
       April 2, 2018

                                BACKENROTH FRANKEL & KRINSKY, LLP
                                Attorneys for the Trustee


                            By:    <u>s/Mark Frankel</u>
                                      800 Third Avenue
                                      New York, New York 10022
                                      (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                              Chapter 11

       150 Fulton Property, Inc.                           Case no.  15-72755

                            Debtor.
---------------------------------------------------------x
STATE OF NEW YORK         )
                               ) ss.:
COUNTY OF NEW YORK   )

Mark A. Frankel states under penalty of perjury:

       1.     I am a member of the firm of Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 800 Third Avenue, New York, New York 10022. I am familiar with the facts hereinafter stated, and make this affidavit to support the application ("Application") of Richard L. Stern as Trustee (the "Trustee") of the above captioned debtor ("Debtor") for an order authorizing the Trustee to transfer the Trustee's rights to the property at 150 and 166 Fulton Street, Farmingdale, New York ("Property") to New Bank under the December 29, 2015 stipulation between the Trustee and New Bank, shortening time for a hearing on the Application in connection therewith.

       2.     The Trustee is moving by order to show cause instead of by notice of motion, because the Application seeks to avoid Trustee liability for claims associated with the Property. Were the Debtor to wait the regular notice period for a motion to reduce time, the Trustee may be deemed to have taken title and assumed liability for all claims associated therewith once the Judgment is final on April 14, 2018, before the Application can be heard.

       3.     No previous application for the relief requested herein has been made.

Dated:  New York, New York
         April 2, 2018

                                                                 s/Mark Frankel

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                          Chapter 11

     150 Fulton Property, Inc.                            Case no.  15-72755

                        Debtor.
---------------------------------------------------------x

**ORDER SCHEDULING HEARING APPLICATION FOR ORDER FOR AN ORDER AUTHORIZING THE TRUSTEE TO TRANSFER THE DEBTOR'S RIGHTS TO THE PROPERTY AT 150-156 FULTON STREET, FARMINGDALE, NEW YORK TO NEW BANK**

        WHEREAS, on April 2, 2018, Richard L. Stern as Trustee (the "Trustee") of the above captioned debtor ("Debtor") made an application ("Application") for authority to transfer the estate's rights to the property at 150 and 166 Fulton Street, Farmingdale, New York ("Property") to New Bank under the December 29, 2015 stipulation between the Trustee and New Bank, and for an order shortening time for a hearing on the Application in connection therewith; and

        NOW, THEREFORE, it is hereby

        ORDERED, that a hearing on the Application will be held on April ___, 2018, at ___:___ _.m., before the Honorable Alan S. Trust at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, NY 11722; and it is further

        ORDERED, that the Trustee is directed to serve a copy of this Order and the Application on the Debtor, Frontseat LLC, and the United States Trustee by email and overnight express delivery to be received by April __, 2018, and on all creditors and all other parties entitled to receive notice by first class mail by April ___, 2018; and it is further

ORDERED, that the Debtor is directed to file proof of service by April \_\_\_, 2018; and it is further

ORDERED, that opposition to the Application may be served and filed to be received by April \_\_\_, 2018.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                                Chapter 7

      150 Fulton Property, Inc.                          Case No.  15-72755

                      Debtor.
---------------------------------------------------------x

## ORDER AUTHORIZING TRUSTEE TO TRANSFER PROPERTY

         Upon the application ("Application") of Richard L. Stern as Trustee (the "Trustee") of the above captioned debtor ("Debtor") for an order authorizing the Trustee to transfer the Trustee's rights to the property at 150 and 166 Fulton Street, Farmingdale, New York ("Property") to New Bank under the December 29, 2015 stipulation ("Stipulation") between the Trustee and New Bank, and upon the hearing held before the Court on April ___, 2018, and upon all pleadings and proceedings before this Court, and due deliberation and sufficient cause appearing therefore, it is

     ORDERED, that under paragraph 6 of the Stipulation, the Trustee be, and he hereby is, authorized to convey title to the Property to New Bank or its designee; and it is further

     ORDERED that under paragraph 7 of the Stipulation, upon conveyance of the Property to New Bank or its designee, the Property will be subject to all liens, claims and encumbrances, and New Bank shall hold the Trustee harmless for any such liens claims and encumbrances, and it is further

     ORDERED, that under paragraphs 8 and 1 of the Stipulation, upon conveyance of the Property to New Bank or its designee, New Bank shall pay Macco & Stern, LLP as counsel to the Trustee, and Backenroth Frankel & Krinsky, LLP as Special Counsel to the Trustee all legal

fees and disbursements as and when approved by this Court after notice and hearing; and it is further

ORDERED, under paragraphs 8 and 2 of the Stipulation, that upon conveyance of the Property to New Bank or its designee, New Bank shall pay to the estate the Chapter 7 Trustee statutory commissions and disbursements and to reimburse the estate for all out of pocket costs related to the adversary proceedings against Frontseat LLC; and it is further

ORDERED, that under paragraphs 8 and 3 of the Stipulation, that upon conveyance of the Property to New Bank or its designee, New Bank shall pay and reimburse the estate for Chapter 7 Trustee accounting fees and disbursements subject to order of this court; and it is further

ORDERED, that under paragraphs 8 and 4 of the Stipulation, that upon conveyance of the Property to New Bank or its designee, New Bank shall pay in full all allowed secured claims if any, allowed priority claims if any, including but not limited to any tax claims, and all allowed general unsecured claims; and it is further

ORDERED, that the Clerk of the County of Nassau is directed to file, index and record a certified copy of this Order against the Property.

# Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

150 FULTON PROPERTY INC.,                               Chapter 7
                                                        Case No.: 15-72755-ast

        Debtors.
-----------------------------------------------------------X

### REVISED STIPULATION OF SETTLEMENT BETWEEN RICHARD L. STERN AS CHAPTER 7 TRUSTEE AND NEWBANK FOR THE ENTRY OF A STIPULATION AND ORDER REGARDING A CARVE OUT TO THE ESTATE

      **WHEREAS**, on June 29, 2015, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code, and

      **WHEREAS**, Richard L. Stern having been appointed Trustee of the estate, and

      **WHEREAS**, the Debtor having previously filed a chapter 11 proceeding which case was dismissed on May 22, 2015, and

      **WHEREAS**, in the prior Chapter 11 proceeding, counsel for the Debtor having commenced an adversary proceeding, and

      **WHEREAS**, that adversary proceeding alleged that NewBank, as a chartered New York commercial bank had loaned the Debtor an amount aggregating the approximate sum of $2,000,000, evidenced and secured by the filing of the first and second mortgages on the Debtor's property known as 150-156 Fulton Street, Farmingdale, New York ("the real property"), and

      **WHEREAS**, upon information and belief, the County of Nassau sold certain real estate tax liens as to the real property to an entity known as Frontseat, LLC ("Frontseat") ,and

      **WHEREAS**, Frontseat, upon information and belief, asserted that the Debtor failed to timely redeem the tax liens sold in 2012, and

      **WHEREAS**, upon information and belief, title to the Fulton Street real property was deeded to Frontseat, based on Frontseat having purchased the tax liens, and

1

**WHEREAS**, the Chapter 7 Trustee believes that causes of action exists asserting that the transfer of the real property was a fraudulent conveyance under Section 548 of the Bankruptcy Code and therefore the Trustee seeks to void the transfer, and

**WHEREAS**, in its current position, NewBank may assert an unsecured claim against the estate in excess of $2,000,000 based on the loan to the Debtor, and

**WHEREAS,** a notice of removal of the State Court action was filed with this court on or about November 24, 2015 entitled "*150 Fulton Property Inc. against Frontseat LLC, NewBank, and the County of Nassau*", and

**WHEREAS**, the action contains allegations that Frontseat failed to comply with applicable law with respect to obtaining a deed to the Debtor's property and

**WHEREAS**, the Trustee believes that this is also a core proceeding to be litigated and determined by the United States Bankruptcy Court, and

**WHEREAS**, NewBank, through its counsel, has expressed to the Chapter 7 Trustee, its desire for the Chapter 7 Trustee to prosecute the fraudulent conveyance cause of action and the removed action on behalf of itself and other creditors of this estate, and

**WHEREAS**, NewBank has agreed to carve out under Section 506(c) of the Bankruptcy Code certain fees and expenses to, and for the benefit of, the bankruptcy estate and its creditors, from recovery of any funds that may be derived from the litigations pertaining to the real property, before receiving any distribution from the bankruptcy estate, and

**WHEREAS**, NewBank has agreed to certain terms and conditions to permit the bankruptcy estate to commence a fraudulent conveyance action to seek to reconvey the Fulton Street property and to litigate the removed State Court action on behalf of the bankruptcy trustee, and NewBank has agreed to a surcharge under Section 506 of the Bankruptcy Code as outlined below and

**NOW, THEREFORE**, it is hereby stipulated, consented to and agreed by and between the parties and their respective counsel that NewBank agrees as follows:

1. NewBank agrees to reimburse and pay Macco & Stern, LLP as counsel to the Trustee, and Backenroth Frankel & Krinsky, LLP as Special Counsel to the Trustee all legal fees and disbursements as and when approved by the Judge of the United States

Bankruptcy Court as to any fee application request for compensation after notice and a hearing.

2. NewBank agrees to pay to the estate the Chapter 7 Trustee statutory commissions and disbursements and to reimburse the estate for all out of pocket costs related to the contemplated adversary proceedings against Frontseat LLC from proceeds recovered in the litigation.

3. NewBank agrees to pay and reimburse the estate for Chapter 7 Trustee accounting fees and disbursements subject to order of this court from proceeds recovered in the litigation.

4. NewBank agrees to pay in full all secured claims if any, priority claims if any, including but not limited to any tax claims and to pay any claim filed and allowed as a general unsecured claim under Section 506(c) of the Bankruptcy Code from proceeds recovered in the litigation.

5. The Trustee agrees that the surcharge under Section 506(c) by NewBank as to the payments set forth above other than legal fees and disbursements as enumerated in stipulated paragraph (1) will be paid from recoverable estate proceeds from the proposed adversary proceedings and any related causes of action, prior to any distribution of funds to NewBank as a creditor of the bankruptcy estate.

6. Subject to Bankruptcy Court approval, in the event the Trustee is successful in obtaining the right to obtain legal title to the real property and possession thereof, the Trustee may determine, in his discretion, whether to take possession of the property for sale; whether to abandon the estate's interest in the property; or whether to convey title to the property to NewBank upon the entry of a court order authorizing the Trustee to recover the property that is the subject matter of the fraudulent conveyance actions.

7. In the event the Trustee conveys the property to NewBank or its designee as stated above, such a transfer of the real property will be subject to all liens, claims and encumbrances with respect to the real property and the Trustee shall be held harmless by NewBank as to the transfer of the real property.

8. NewBank agrees that in the event it receives title to the real property that it will

pay all monies as set forth in paragraphs number 1 thru 4 of this Stipulation consistent with the terms set forth herein regardless of whether or not there exist recovered proceeds.

    9.   This Stipulation is subject to approval by the court.  In the event, the court fails to authorize and approve this Stipulation of Settlement, this Stipulation shall be null and void and will have no further force and effect and nothing contained herein shall be a admission or waiver of the rights of any party.

    10.  The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of the Stipulation of Settlement.

    11.  The Stipulation of Settlement may not be altered, modified, or changed unless in writing and subject to the appropriate order of the Bankruptcy Court.

    12.  The Stipulation of Settlement may be signed in counterparts, with each part being deemed a part of the original document.

    13.   Facsimile signatures of each of the parties to this Stipulation shall be deemed originals for purposes of execution of this document.

    14.  The Stipulation of Settlement is subject to approval of the United States Bankruptcy Court.

    15.  Upon approval of the Stipulation of Settlement, the Trustee is authorized and

empowered to take and implement all terms and conditions of this settlement.

Dated:  Melville, New York  
       December 10, 2016

MACCO & STERN, LLP  
Counsel for Richard L. Stern  
Chapter 7 Trustee  
/s/ Richard L. Stern  
BY:_____  
    Richard L. Stern, Esq.  
    135 Pinelawn Road  
    Suite 120S  
    Melville, NY 11747  
    631-549-7900

Dated:  Carle Place, New York

DOLLINGER, GONSKI & GROSSMAN  
Attorneys for NewBank  
/s/ Floyd G. Grossman  
By:_____  
    Floyd G. Grossman  
    One Old Country Road  
    P.O. Box 9010  
    Carle Place, NY  11514-9010

**SO ORDERED:**



**Dated: December 29, 2015**  
     **Central Islip, New York**

_____  
     **Alan S. Trust**  
   **United States Bankruptcy Judge**

5